STATE OF WEST VIRGINIA

**FILED**

**April 9, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **L.L.**

**No. 17-0950** (Ohio County 16-CJA-129)

**MEMORANDUM DECISION**

Petitioner Mother, A.C., by counsel P. Zachary Stewart, appeals the Circuit Court of Ohio County's September 19, 2017, order terminating her parental rights to L.L.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Joseph J. Moses, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in (1) failing to hold the dispositional hearing within thirty days of the termination of petitioner's post-adjudicatory improvement period, (2) failing to order the DHHR to file a unified child and family case plan pursuant to West Virginia

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

Additionally, petitioner's counsel filed the appellate brief in accordance with Rule 10(c)(10)(b) of the West Virginia Rules of Appellate Procedure, which provides that

> [i]n extraordinary circumstances, if counsel is ethically compelled to disassociate from the contentions presented in the brief, counsel must preface the brief with a statement that the brief is filed pursuant to Rule 10(c)(10)(b). Counsel should not inject disclaimers or argue against the client's interests. If counsel is ethically compelled to disassociate from any assignments of error that the client wishes to raise on appeal, counsel must file a motion requesting leave for the client to file a pro se supplemental brief raising those assignments of error that the client wishes to raise but that counsel does not have a good faith belief are reasonable and warranted.

Per this Rule, petitioner's counsel filed a motion requesting leave for petitioner to file a pro se supplemental brief. This motion was granted, and petitioner filed a supplemental pro se brief on December 6, 2017.

Finally, petitioner does not raise a specific assignment of error concerning the circuit court's termination of her parental rights.

1

Code § 49-4-408; (3) weighing evidence from the visitation provider; and (4) failing to properly weigh the totality of the evidence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2016, the DHHR filed an abuse and neglect petition that alleged petitioner abused the child by virtue of the fact that L.L. was born with Subutex, marijuana, and methamphetamine in her system. The child was initially discharged from the hospital shortly after birth, but was later readmitted and treated for symptoms of drug withdrawal, among other issues. Ultimately, the child required the administration of morphine to ease her symptoms. The petition further alleged that petitioner previously voluntarily relinquished her parental rights to two older children in order to avoid termination of her parental rights upon allegations of substance abuse. Finally, the petition alleged that the father abused and neglected the child by virtue of his substance abuse.

Following an adjudicatory hearing in December of 2016, petitioner was adjudicated of abuse and neglect based upon her substance abuse. Thereafter, the circuit court granted petitioner a post-adjudicatory improvement period in January of 2017. According to the order granting the improvement period, petitioner was required to "rectify the conditions of abuse and neglect, as previously adjudicated," by complying with the following terms and conditions, among others: (1) maintain sobriety from alcohol and illicit drugs; (2) participate in random drug screening as directed by the DHHR; (3) exhibit negative test results on the random drug and alcohol screens; (4) not knowingly associate with persons who actively abuse drugs and/or alcohol; (5) actively pursue treatment and counseling for any drug addiction or substance abuse issues from which she may suffer; (6) participate in individual therapy sessions to address her mental health issues; (7) maintain suitable housing and employment; (8) actively participate in supervised visitation, adult life skills classes, and parenting classes; (9) attend all court hearings and multidisciplinary team ("MDT") meetings, unless excused; (10) provide for the child's physical, emotional, and health needs at all times; and (11) obey all state and federal laws.

In February of 2017, the circuit court held a review hearing, which petitioner failed to attend, although she was represented by counsel. In May of 2017, the circuit court held another review hearing. According to the DHHR, petitioner provided screens positive for alcohol and complained about the frequency with which she was required to submit to screening. At a subsequent hearing, the circuit court was informed that petitioner admitted to drinking. At a status hearing in July of 2017, petitioner failed to appear due to her arrest for shoplifting.[2] On appeal, petitioner alleges that the circuit court terminated her improvement period at this hearing, although she acknowledges that the termination was "not explicitly stated in the . . . [o]rder from the hearing." According to the DHHR, petitioner's improvement period was set to expire on July

---

[2]Petitioner was represented by counsel at this hearing.

2

27, 2017, and the circuit court instead decided to let the improvement period conclude naturally. Regardless, it is uncontroverted that petitioner's post-adjudicatory improvement period ended no later than July 27, 2017. Later in July of 2017, petitioner was again arrested for shoplifting. According to the DHHR, petitioner attempted to steal alcohol during both of the incidents for which she was arrested during her improvement period.

On September 13, 2017, the circuit court held a dispositional hearing. Four days prior to the hearing, the DHHR filed a case plan, to which petitioner did not object.[3] The provider who supervised petitioner's visitation with the child was unable to attend the hearing due to a health emergency. Both the DHHR and petitioner listed the provider as a witness for disposition. Instead of rescheduling the hearing, the parties agreed to admit the provider's records into evidence, despite his inability to testify to them. According to the provider's documents, petitioner continued to exhibit issues with decision making that placed the child at risk. The provider further noted petitioner's poor decision making in regard to alcohol abuse and domestic violence. The circuit court further heard testimony regarding petitioner's positive screens, criminal activity during the improvement period, and involvement with violent partners. Petitioner testified and failed to take responsibility for these issues. Accordingly, the circuit court found there was no reasonable likelihood the conditions of abuse and neglect could be substantially corrected and that termination was necessary for the child's welfare before terminating petitioner's parental rights.[4] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply

---

[3]Although petitioner points out that the DHHR filed its case plan four days prior to disposition instead of the five days prior required by West Virginia Code § 49-4-604(a), she does not contest the fact that she failed to object to the untimely filing and, further, does not assert this failure as a discrete assignment of error in either brief submitted on her behalf. She further presents no argument that could fairly be construed as applying to this issue. Accordingly, we decline to address this issue on appeal, both because it is not properly briefed and because the issue was not submitted to the lower court. *See* W.Va. R. App. P. 10(c)(3) ("[t]he brief opens with a list of the assignments of error that are presented for review . . . . If the issue was not presented to the lower tribunal, the assignment of error must be phrased in such a fashion as to alert the Court to the fact that plain error is asserted.")

[4]The father's parental rights were also terminated. The child remains in a foster home with a permanency plan of adoption therein.

because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

First, petitioner argues that the circuit court erred in failing to hold the dispositional hearing within thirty days of the expiration of her post-adjudicatory improvement period.[5] According to petitioner, this delay not only violated Rule 32(a) of the Rules of Procedure for Child Abuse and Neglect Proceedings, but further prejudiced her because it resulted in the unavailability of her visitation provider. Petitioner argues that, had the provider's testimony mirrored his reports, the circuit court may have come to a different dispositional resolution. We disagree.

This Court has previously held that

> "[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W.Va. 390, 686 S.E.2d 41 (2009). Under the limited circumstances of this case, we decline to find that the circuit court's failure to strictly comply with the thirty-day requirement in Rule 32(a) constitutes a substantial disregard or frustration of the applicable rules such that vacation of the dispositional order is warranted. This is especially true in light of the fact that petitioner waived her right to assert these issues on appeal.

"'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W.Va. Dep't of Motor Vehicles*, 223 W.Va 818, 679 S.E.2d 650 (2009). There is no indication in the record that petitioner objected to the holding of the dispositional hearing for failure to comply with Rule 32(a). Moreover, it is important to note that any alleged prejudice due to the provider's unavailability, while potentially attributable to the circuit court's delay, was remediable by continuing the dispositional hearing to secure the provider's attendance. The circuit court was amenable to such a continuance, but petitioner agreed to proceed with the hearing and permit the introduction of the provider's records. Thus, it

---

[5]As noted above, it is unclear from the record whether the circuit court terminated petitioner's improvement period subsequent to a hearing in July of 2017, or permitted it to expire naturally on July 27, 2017. Either way, it is uncontroverted that the circuit court did not hold the dispositional hearing until September 13, 2017, more than thirty days after July 27, 2017.

4

is disingenuous for petitioner to now allege on appeal that she was prejudiced. For these reasons, we decline to address this error on appeal.

Next, petitioner argues that the circuit court erred in failing to require the DHHR to develop and file a unified child and family case. According to West Virginia Code § 49-4-408(a), the case plan must be filed "within thirty days of the inception of the improvement period[.]" Here, it is undisputed that no such case plan was filed. However, the record is also clear that the circuit court set forth numerous terms and conditions for petitioner's improvement period, to which petitioner did not object, that were in furtherance of the goal that petitioner "rectify the conditions of abuse and neglect, as previously adjudicated[.]" With regard to family case plans, this Court has stated that

> "[t]he purpose of the family case plan as set out in W.Va. Code [§] 49-6D-3(a) [now W.Va. Code § 49-4-408(a)] . . . is to clearly set forth an organized, realistic method of identifying family problems and the logical steps to be used in resolving or lessening these problems." Syl. Pt. 5, *State ex rel. Dep't of Human Services v. Cheryl M*., 177 W. Va. 688, 356 S.E.2d 181 (1987).

Syl. Pt. 2, *In re Desarae M*., 214 W.Va. 657, 591 S.E.2d 215 (2003).

In support of her argument, petitioner relies heavily on our prior holding in *Desarae M*. to argue that there were no standards by which to gauge her progress through the improvement period. We do not agree, as the facts of petitioner's case differ substantially from those in *Desarae M*. Most notably, the mother in that case was complying with services during the improvement period at issue and was actively prejudiced by the DHHR's failure to timely file a family case plan. Specifically, the mother in that case "allege[d] that personnel shortages within [the] DHHR limited her success during her improvement period." *Desarae M*., 214 W.Va. at 661, 591 S.E.2d at 219. These shortages resulted in the DHHR's failure to transport the children to the designated location for visitation after DHHR caseworkers terminated their employment and the DHHR failed to make alternate arrangements. *Id*. Moreover, the DHHR requested that the mother cease her counseling by one provider in favor of counseling with a different provider who subsequently went on vacation for several weeks, thereby causing the mother to miss services. *Id*.

In the present case, the record is clear that the DHHR's failure to timely file a case plan did not prejudice petitioner. In fact, the DHHR accommodated petitioner extensively, despite the fact that she showed only limited compliance with the terms and conditions of her improvement period. While it is true that petitioner was able to attain some of the circuit court's goals, the record further shows that petitioner missed hearings without an excuse, continued to abuse alcohol, and was arrested twice for shoplifting alcohol. Moreover, the record also shows that, instead of taking responsibility for her actions, petitioner blamed others for her situation.

At disposition, the circuit court found that petitioner violated numerous terms of her improvement period and failed to attend many of the child's "numerous and frequent medical appointments" that resulted from her "significant and profound medical problems[.]" As a result, the circuit court found that petitioner was "simply incapable of providing for" the child's needs

or otherwise able to make the child "the priority in her life." While petitioner argues that the DHHR's lack of a family case plan left her with no clear path to reunification, the record is clear that petitioner was well aware of what was required of her in order to remedy the conditions of abuse and neglect in the home. As such, under the limited circumstance of this case, the DHHR's failure to timely file a family case plan had no prejudicial impact on petitioner's failure to remedy the conditions of abuse and neglect in the home.

Finally, we find no error in the circuit court's consideration of certain evidence. According to petitioner, the circuit court failed to acknowledge the weight of the supervision provider's notes and reports, given that the provider would have spent the most time with petitioner during the proceedings. First, it is important to note that petitioner ignores the fact that the provider's reports included significant concerns about her ability to properly parent the child. While petitioner is correct that the provider discussed her compliance with services and her ability to care for the child during supervised visitation, among other positive factors, she fails to acknowledge that the provider also indicated that petitioner continued to exhibit issues with decision making and her ability "to evaluate situations before making decisions that could negatively affect the safety of her home environment." This ultimately led the provider to conclude that petitioner had not obtained the skills necessary to secure the child's safety absent supervision. Accordingly, we cannot find that the circuit court improperly weighed the evidence at issue or that any of its findings in regard to this evidence were clearly erroneous such that they should be set aside. *Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 1. As such, we find no error in this regard.

Similarly, we find no error in the circuit court's general weighing of the evidence. According to petitioner, the circuit court gave an improper weight to certain issues, such as her arrests and failed alcohol screens, without giving proper consideration to her negative drug screens, continued substance abuse treatment, and stable housing, among other issues. According to petitioner, given the fact that the DHHR failed to properly file a case plan, the circuit court should have given more weight to her compliance with services. However, petitioner fails to recognize that "[i]n making the final disposition in a child abuse and neglect proceeding, the level of a parent's compliance with the terms and conditions of an improvement period is just one factor to be considered. The controlling standard that governs any dispositional decision remains the best interests of the child." Syl. Pt. 4, *In re B.H.*, 233 W.Va. 57, 754 S.E.2d 743 (2014). While petitioner's compliance with certain terms and conditions of her improvement period was admirable, the record supports the circuit court's finding that petitioner ultimately failed to establish that she could properly care for the child or otherwise remedy the conditions of abuse and neglect. As such, we find that petitioner is entitled to no relief in this regard.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 19, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: April 9, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

**DISSENTING:**

Justice Menis E. Ketchum

I would remand this case for further development. The circuit judge failed to require the DHHR to formulate and file a case plan following the granting of the mother's post-adjudicatory improvement period and failed to hold the dispositional hearing within thirty days of the expiration of that improvement period. I believe these failures clearly violate West Virginia Code § 49-4-408(a) and Rule 32(a) of the Rules of Procedure for Child Abuse and Neglect Proceedings.